RECEIVED
APR 21 2017
BY MAIL

APR 21 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
_____ DIVISION

Gregory Peeples #273997            )
                                    )
_____ )
                                    )
_____ )
                                    )
(Enter above the full name of the   )
Plaintiff(s) in this action. Include prison )
registration number(s).)            )
                                    )
        v.                          )     4:17CV1368 JAR
                                    )
                                    )     Case No. _____
Detective Karen Miles               )     (To be assigned by Clerk)
(individual capacity)               )
_____ )     "trial demand"
                                    )
_____ )
                                    )
_____ )
                                    )
(Enter above the full name of **ALL** Defend- )
ant(s) in this action. Fed. R. Civ. P. 10(a) )
requires that the caption of the complaint )
include the names of **all** the parties. Merely )
listing one party and "et al." is insufficient. )
Please attach additional sheets if necessary. )

### PRISONER CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983

I.   PLACE OF PRESENT CONFINEMENT:

S.E.C.C., 300 East Pedro Simmons Dr., Charleston, Mo. 63834

II.  PREVIOUS CIVIL ACTIONS:

    A.  Have you brought any other civil actions in state or federal court dealing with the
        same facts involved in this action or otherwise relating to your confinement?

                YES [ ]            NO [✓]

#1

B. If your answer to "A" is YES, describe the action(s) in the space below. If there is more than one action, you must describe the additional action(s) on a separate piece of paper, using the same format as below.

1. Parties to previous civil action:

   Plaintiff(s): N/A

   Defendant(s): _____

2. Court where filed: _____

3. Docket or case number: _____

4. Name of Judge: _____

5. Basic claim made: _____

6. Present disposition (Is the case still pending? Is it closed? If closed, was it appealed?): _____

III. GRIEVANCE PROCEDURES:

A. Is there a prisoner grievance procedure at the institution in which you are incarcerated?

   YES [✓]    NO [ ]

B. Have you presented this grievance system the facts which are at issue in this complaint?

   YES [ ]    NO [✓]

-2-

C. If your answer to "B" is YES, what steps did you take: N/A

D. If your answer to "B" is NO, explain why you have not used the grievance system: Case does not pertain to this institution.

IV. PARTIES TO THIS ACTION:

A. Plaintiff(s)

1. Name of Plaintiff: Gregory Peeples
2. Plaintiff's address: 300 E. Pedro Simmons Dr., Charleston, Mo. 63834
3. Registration number: 273997
4. Additional Plaintiff(s) and address(es): N/A

B. Defendant(s)

1. Name of Defendant: Karen C. Miles
2. Defendant's address: 1915 Olive, St. Louis, Mo. 63103
3. Defendant's employer and job title: St. Louis Metropolitan Police Department; Sex Crime Unit Detective
4. Additional Defendant(s) and address(es): N/A

V.  COUNSEL

    A.  Do you have an attorney to represent you in this action?

        YES  [ ]       NO  [✓]

    B.  If your answer to "A" is NO, have you made an effort to contact an attorney to represent you in this matter?

        YES  [ ]       NO  [✓]

    C.  If your answer to "B" is YES, state the name(s) and address(es) of the attorneys you contacted and the results of those efforts:

        *N/A*

    D.  If your answer to "B" is NO, explain why you have not made such efforts:

        *Do not have the funds*

    E.  Have you previously been represented by counsel in a civil action in this Court?

        YES  [ ]       NO  [✓]

    F.  If your answer to "E" is YES, state the attorney's name and address:

        *N/A*

VI.  Statement of claim (State as briefly as possible the facts of your case. Describe how each defendant is involved. You must state exactly what each defendant personally did, or failed to do, which resulted in harm to you. Include also the names of other persons involved, dates, and places. Be as specific as possible. State your claims in numbered paragraphs.  You may use additional paper if necessary):

1. Comes now Petitioner, Gregory Peeples and for Peeples' cause of action and against Detective (Det.) Karen C. Miles, in her individual capacity, states that Det. Miles violated police report writing policies and she knowingly and attentionally falsified government documents to have Peeples unlawfully and maliciously arrested, and illegally incarcerated for sexual assault allegations of a minor.

2. On July 13, 2015, at 10:35 p.m., a Patrice Brown called 911 from Peeples' residence alleging that Peeples forcibly raped Brown's 14 year old daughter, D.D. [redacted]. Relatively to the 911 call, two uniformed officers responded to Peeples' residence. While one (1) officer watched over Peeples, who was secured in the officer's patrole vehicle, the other officer spoke with Brown and [D.D.]. After speaking with officer, Brown and [D.D.] immediately left Peeples' residence, and the two (2) officers transported Peeples to Police Headquarters.

(see attached pages)

-5-

---

1. All black-outs are redacted with minor's initials.

Continued from page 5:1 of 4

3. Upon arriving at Police Headquarters, Peeples was delivered to an interview room where Det. Miles awaited Peeples' arrival. Det. Miles asked Peeples what had occurred and Peeples informed her that Brown brought ▓ [D.D.] to his residence and accused Peeples of forcibly raping ▓ [D.D.] on July 9, 2015. Peeples denied all allegations, and insisted that a hospital examination will prove his innocence.

4. Shortly after his interview, Det. Milles swabbed Peeples for DNA, and transported him to the St. Louis City Justice Center where Det. Miles booked him on four (4) counts of attempted statutory sodomy; two (2) counts of attempted statutory rape; and one (1) count of child molestation charges.

5. Det. Miles drafted an OCA Incident Report pertaining to Peeples' arrest. The incident report that was provided to Peeples, by the state, indicates that on July 13, 2015, at 10:30 p.m., Det. Miles was contacted by an Officer Jonathan Wyman. Officer Wyman informed Det. Miles that he was on a police call for help assignment at 3203 Osage pertaining to a 14 year old female alleging that Peeples had sexually assaulted her. Officer Wyman informed Det. Miles, in full detail, of the statements ▓ [D.D.] provided to him about the alleged sexual assault, and that Peeples was on scene. Det. Miles instructed Officer Wyman to have [D.D.] ▓ and Brown conveyed to Cardinal Glennon Hospital, and Peeples transported to Police Headquarters.

6. Det. Miles responded to Cardinal Glennon Hospital

Continued from page 5: 2 of 4

where she observed interviews, conducted by hospital staff Audrey Lenord, of [D.D.] and Brown. After the interviews with [D.D.] and Brown, Det. Miles returned to Police Headquarters at 12: a.m. to interview Peeples. Det. Miles and a Det. Nathaniel McCraw escorted Peeples from a fourth floor holding cell to interview room 437, where Det. Miles informed him of the accusations against him. Peeples denied all allegations. Det. Miles swabbed Peeples for DNA, transported him to the City's Justice Center, where she booked him on attempted sexual assault charges.

7. Det. Miles violated police report writing policies when drafting a police report about a incident she did not observe. Det. Miles did not respond to the police call for help location to investigate or observe the incident.

8. In a unlawful attempt to create probable cause for Peeples' arrest, Det. Miles falsified her incident report, field booking form, and other government documents. Det. Miles provided false statements in her incident report when indicating that Officer Wyman contacted her from the police call for help location to inform her of [D.D.] statements, that she interviewed [D.D.] and Brown before interviewing Peeples, and that Peeples' arrest occurred at 12:30 a.m.

9. Det. Miles falsified her incident report 1 of 3 times when indicating that Officer Wyman contacted her from the police call for help location to inform her of [D.D.] statements. The 911 dispatch records will show that Officer Wyman was not one of the two officers that responded to the police call for help location pertaining this incident. Officer Wyman was not the officer who contacted Det. Miles from the police call for help location.

Continued from page 5: 3 of 4

10. Det. Miles falsified her incident report 2 of 3 times when indicating that she interviewed D.D. and Brown before interviewing Peeples. D.D.'s medical records will show that D.D. arrived at Cardinal Glennon at 10:47 p.m., July 13, 2015, and that her initial intake lasted til 11:47 p.m. D.D.'s medical records will also show that Det. Miles signed the authorization for D.D.'s sexual assault forensic examination at 12:30 a.m., July 14, 2015. In D.D.'s deposition, she testified that she was in a hospital room with doctors who administered her sexual assault exam, she talked to Det. Miles after, when she went into a separate room.

11. A time line from said evidence will show that Det. Miles could not have interviewed Det. D.D. after her initial intake at 11:47 p.m. at Cardinal Glennon, return to Police Headquarters at 12: a.m. to interview Peeples. Det. Miles could not have interviewed Peeples at or after 12: a.m., collect his DNA samples, transport him to the City's Justice Center, book him in, and respond to Cardinal Glennon by 12:30 a.m. to sign D.D.'s sexual assault exam form.

12. Det. Miles falsified her incident report 3 of 3 times and her field booking form when indicating that Peeples was arrested at 12:30 a.m. It is a fact of law that Peeples' arrest occurred when the police escorted him away from the police call for help location against his will. An arrest is not a continuous act. Det. Miles could not have arrested or placed Peeples under arrest after the retrieving him from a jail cell at 12: am.

13. Det. Miles violated police report writing policies and falsified government documents in an attempt to create probable cause for having Peeples falsely arrested. Det. Miles has also violated the City of St. Louis, State of Missouri probable cause to arrest

Continued from page 5: 4 of 4

policies. From the statements herein, there is no evidence that Det. Miles had probable cause to arrest Peeples.

14. By violating police report writing policies, falsifying her incident report and field booking form, and unlawfully arresting Peeples, Det. Miles places herself in violation of the City of St. Louis police report writing policies, federal laws for falsifying government documents, and the City of St. Louis, State of Missouri probable cause to arrest policies. By violating police report writing policies, falsifying government documents, and probable cause to arrest policies, Det. Miles violated Peeples' rights to be secure from unreasonable search and seizures, due process of law, and cruel and unusual punishment, rights that are protected by the 4th, 5th, and 8th Amendments of the United States Constitution.

Wherefore, Peeples prays for judgment against Det. Miles, and prays that this Court assign this cause for trial.

VII. RELIEF

State briefly and exactly what you want the Court to do for you. Do not make legal arguments. (Note: If you are a **state** prisoner and you seek from this Court relief that affects the length or duration of your imprisonment, your case **must** be filed on a § 2254 form.)

*I would like this Court to set this cause for trial.*

VIII. MONEY DAMAGES:

A) Do you claim either actual or punitive monetary damages for the acts alleged in this complaint?

YES ☑    NO ☐

B) If your answer to "A" is YES, state below the amount claimed and the reason or reasons you believe you are entitled to recover such money damages:

*Two million dollars ($2,000,000.) for the lost of my house, car, and valuble; for mental, emotional, and physical truma while being illegally incarcerated.*

IX. Do you claim that the wrongs alleged in the complaint are continuing to occur at the present time?

YES [✓]    NO [ ]

_____
Signature of attorney or pro se Plaintiff(s)

4-17-2017
Date