UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREGORY PEEPLES, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 4:17-CV-1368 JAR |
| KAREN MILES, | )<br>)<br>) |
| Defendant. | )<br>) |

## MEMORANDUM AND ORDER

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged civil rights violations arising out of his arrest on July 13, 2015 for sexual assault of a minor.[1] In response to the Court's show cause order dated December 12, 2017, plaintiff states he was not convicted of any charges pertaining to this allegedly unlawful arrest, and has no pending case. Because plaintiff's case is not barred by *Heck v. Humphrey*, the Court will conduct an initial review under 28 U.S.C. § 1915(e) of plaintiff's civil rights action. Upon review, the Court will order the Clerk of Court to issue process on the complaint.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not

---

[1] On July 7, 2017, the Court granted plaintiff's motion to proceed in forma pauperis and ordered him to amend his complaint to redact the minor's name. The Court did not conduct an initial review under 28 U.S.C. § 1915(e) at that time.

plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff alleges that on July 13, 2015, he was arrested based on falsified information in a police incident report. At 10:30 p.m., Patrice Brown called 911 from plaintiff's residence alleging that plaintiff had sexually assaulted Brown's minor daughter, D.D. Two officers responded to the call, one of whom escorted plaintiff to a patrol vehicle, while the other officer spoke to Brown and D.D. The two officers then transported plaintiff to police headquarters, where defendant Detective Miles was waiting in an interview room.

In the interview with Detective Miles, plaintiff denied all the allegations regarding the sexual assault. Detective Miles then swabbed plaintiff for DNA and transported him to the St. Louis City Justice Center where he was booked on four counts of attempted statutory sodomy, two counts of attempted statutory rape, and one count of child molestation. All charges were taken under advisement and plaintiff was released the following day.

After reviewing Detective Miles' statement of facts and probable cause statement, the State issued a warrant for plaintiff's arrest on July 31, 2015. *See* ECF. No. 15. Plaintiff was rebooked on November 9, 2015 to await trial on the charges. One year later, on November 10, 2016, all charges pertaining to plaintiff's arrest were dismissed and he was released.

Plaintiff alleges Detective Miles knowingly provided false information in her probable cause statement, which led to his arrest without probable cause.

## Discussion

The Fourth Amendment to the Constitution protects the right of the people to be "secure in their persons . . . against unreasonable searches and seizures . . . ." U.S. Const. Amend. IV. This includes the right to be free from arrest without probable cause. *See Lambert v. City of Dumas*, 187 F.3d 931, 935 (8th Cir. 1994).

Plaintiff alleges he was arrested without probable cause, based on fabricated information provided by defendant Detective Miles. He states Detective Miles falsified the following information in her incident report: (1) that Officer Wyman contacted Detective Miles by telephone from the "call for help" location; (2) that Detective Miles interviewed the victim and the victim's mother before her interview with plaintiff; and (3) that plaintiff's arrest occurred at 12:30 a.m. on July 14, 2015. Plaintiff alleges she falsified her police report to create probable cause to have plaintiff arrested.

Having carefully reviewed and liberally construed the amended complaint as required, the Court finds plaintiff has stated a plausible claim for violation of his Fourth Amendment right to be free from arrest without probable cause. *See, e.g.*, *Moody v. St. Charles County*, 23 F.3d 1410, 1411-12 (8th Cir. 1994) (holding allegation that false affidavit was basis for arrest warrant is sufficient to state § 1983 Fourth Amendment claim against affiant officer); *Burk v. Beene*, 948 F.2d 489, 494-95 (8th Cir. 1991) (holding officer who was aware affidavit was untruthful "should have known [it] would violate the accused's constitutional rights"). The Court will order the Clerk of Court to issue process upon the amended complaint.

Finally, plaintiff has filed a motion to supplement his amended complaint. The Court has reviewed plaintiff's supplement, and finds that although it clarifies and adds more detail to his

amended complaint, it does not contain any additional factual allegations or legal theories. Plaintiff's supplement is unnecessary, particularly because the Court has already found plaintiff's amended complaint states a plausible claim for denial of his constitutional rights. Moreover, allowing plaintiff to file a supplement to his complaint would create confusion in the record, especially for the responding party. For these reasons, the Court will deny plaintiff's motion to supplement the amended complaint. In the future, if plaintiff seeks to supplement or change his amended complaint, he shall do so by filing a second amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the amended complaint, pursuant to the service agreement the Court maintains with the St. Louis City Counselor's Office, as to defendant Karen Miles in her individual capacity.

**IT IS FURTHER ORDERED** that plaintiff's motion to supplement his amended complaint is **DENIED**. [Doc. 10]

Dated this 16th day of February, 2018.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE